BEFORE THE THIRD DIVISION, JUNE 21, 1940

**No. 44000.**—Protest 979107–G of Atlas Marine Supply Co. (Los Angeles).

KEEFE, Judge: In this suit the plaintiff seeks to recover certain customs duties alleged to have been illegally assessed by the collector at Los Angeles, California, upon 120 drums containing lubricating oil, which were withdrawn from bonded warehouse and supplied to foreign vessels as ships' supplies, under the provisions of section 309 (a) of the Tariff Act of 1930, as amended by section 5 (a) of the Customs Administrative Act of 1938.   The oil contained in the drums was admitted free of duty under the provisions of said section.   Duty was assessed, however, upon the iron drum containers at the rate of 25 per centum ad valorem under paragraph 328.   The plaintiff claims that the drums are also exempt from duty under the foregoing section because the merchandise was sold for use as ships' supplies, or as the usual containers for ships' supplies.

At the trial of the case the manager of the plaintiff company, a ships' chandler supply company, testified that he had personally sold the oil contained in the drums in question to various foreign vessels for use as ships' supplies; that the oil was contained in 50-gallon drums and was withdrawn from the warehouse and delivered directly to the various vessels; that the drums consisted of single trippers composed of light sheet metal which after one handling are very seldom fit for the same use; that they are fitted with a bung and are emptied largely by that means although he has seen the top destroyed in emptying; and that within his knowledge such drums have been used as the ordinary containers of lubricating oil for 10 years.   The witness further testified that on board the vessels the oil is emptied into the ships' tanks until filled and the remainder of the drums are stored in the hold of the vessels; that none of the drums are ever returned to him and he was of the opinion that the drums are taken from the United States by the vessels after emptying.

The plaintiff contends that by virtue of section 309 (a) of the Tariff Act of 1930, as amended by section 5 (a) of the Customs Administrative Act of 1938, the drums are exempt from duty as ships' stores or supplies, or as the usual containers of such merchandise, and further, that as the drums are single trippers

and the ordinary containers of such merchandise, they are free of duty as having no commercial value after being emptied of their contents.

The Government contends that there is a failure of proof on behalf of the plaintiff in that there is no showing that the merchandise is ships' supplies or that the drums in question are single trippers not capable for a further use as containers after being emptied of their contents.

Section 309 of the Tariff Act of 1930, as amended by section 5 (a) of the Customs Administrative Act of 1938, so far as applicable to the merchandise herein, provides as follows:

## SEC. 309. SUPPLIES FOR CERTAIN VESSELS AND AIRCRAFT.

(a) EXEMPTION FROM CUSTOMS DUTIES AND INTERNAL-REVENUE TAX.—Articles of foreign * * * manufacture or production may, under such regulations as the Secretary of the Treasury may prescribe, be withdrawn from bonded warehouses, bonded manufacturing warehouses, or continuous customs custody elsewhere than in a bonded warehouse free of duty or internal-revenue tax * * * for supplies (not including equipment) of vessels * * * actually engaged in foreign trade or trade * * * between the United States and any of its possessions, * * *.

(b) DRAWBACK.—Articles withdrawn from bonded warehouses, bonded manufacturing warehouses, or continuous customs custody elsewhere than in a bonded warehouse and articles of domestic manufacture or production, laden as supplies upon any such foreign vessel or any such vessel * * * of the United States * * * shall be considered to be exported within the meaning of the drawback provisions of this Act. * * *

In T. D. 47259 the Secretary of the Treasury issued the following ruling relative to containers of supplies under the provisions of section 309 of the Tariff Act of 1930:

(5) SUPPLIES FOR VESSELS—CONTAINERS.—Ordinary containers, the only purpose of which is to facilitate the transportation of their contents, are embraced in the term "supplies" as used in section 309 (a), Tariff Act of 1930, and section 630, Revenue Act of 1932.

Containers which have a value either for further use as containers or for a different purpose after having been emptied of their contents, and which are not the ordinary and usual containers, are not included in the term "supplies" when used as coverings for supplies withdrawn under the provisions of section 309 (a), Tariff Act of 1930, or section 630, Revenue Act of 1932.

The question presented herein is whether or not the drums used as containers of the lubricating oil supplied to vessels are the ordinary containers of imported merchandise upon which exemption from duty may be granted.

In the case of *Balfour, Guthrie & Co., Ltd.* v. *United States,* C. D. 58, affirmed by the appellate court in 27 C. C. P. A. 17, C. A. D. 55, the court stated that the language of paragraph 328 of the Tariff Act of 1930 is clear and unambiguous and leaves no room for doubt as to its express provisions, and such provisions place a duty upon drums used as containers whether they are usual or unusual coverings for the contents thereof and whether or not the contents are dutiable or free. The appellate court pointed out in affirming the decision of this court that the drums, the usual and ordinary containers of imported merchandise, are entitled to free entry or taken from the provisions of paragraph 328 only when found to be incapable of continued use as containers.

This evidence before us in this case establishes that the drums are the usual and ordinary containers of imported merchandise. Under the Treasury ruling in T. D. 47259, *supra,* such containers are entitled to free entry as "supplies." However, it is also provided that containers which have a value either for further use as containers or for a different purpose after the removal of their contents are not included in the term "supplies." There is no evidence presented before

the court to establish that the drums are destroyed in the removal of their contents or otherwise are incapable for further use as containers of merchandise. No one testified who had knowledge of the facts as to the disposal of the drums. We therefore hold that the drums are properly dutiable as assessed by the collector.

Judgment will therefore be entered in favor of the Government.